NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-1091

WARRIOR SPORTS, INC.,

Plaintiff-Appellee,

v.

DICKINSON WRIGHT, P.L.L.C.,

Defendant-Appellant,

v.

JOHN A. ARTZ, P.C., doing business as Artz & Artz P.C.,
JOHN A. ARTZ, and JOHN S. ARTZ,

Defendants.

Appeal from the United States District Court for the Eastern District of Michigan in case no. 09-CV-12102, Judge Gerald E. Rosen.

ON MOTION

Before MOORE, Circuit Judge.

## O R D E R

Warrior Sports, Inc. moves to dismiss this appeal for lack of jurisdiction. Dickinson Wright, P.L.L.C. opposes. Warrior Sports, Inc. replies.

Warrior Sports filed a complaint in Michigan state court against Dickinson and the other defendants, alleging legal malpractice related to the asserted failure by Dickinson to pay maintenance fees for Warrior Sport's patent and the asserted failure to properly advise Warrior Sport. After Dickinson moved in state court to dismiss the complaint, asserting that jurisdiction was only proper in federal court, Warrior Sports voluntarily

dismissed the state court action without prejudice. Warrior Sports filed the legal malpractice lawsuit at the United States District Court for the Eastern District of Michigan. The district court issued an order to show cause why Warrior Sports' complaint should not be dismissed for lack of subject matter jurisdiction. Both parties responded that the district court had jurisdiction. However, the district court determined that it lacked jurisdiction under 28 U.S.C. § 1338 and dismissed the complaint without prejudice. The district court denied Dickinson's motion for reconsideration and Dickinson appealed. Warrior Sports refiled the malpractice complaint in state court.

Warrior Sports argues that this court lacks jurisdiction over Dickinson's appeal because the district court determined that it did not have jurisdiction and dismissed the complaint without prejudice. A district court has jurisdiction pursuant to section 1338 if "a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 809 (1988). The issue on appeal, whether the district court had jurisdiction over the case if the plaintiff's right to relief depended on the resolution of a substantial question of federal patent law, also relates to the issue whether we have jurisdiction over the appeal. The fact that the dismissal was "without prejudice" to Warrior Sports filing another complaint does not affect this jurisdictional issue.

We have jurisdiction to determine our own jurisdiction. Immunocept, LLC v. Fulbright & Jaworski, LLP, 504 F.3d 1281, 1284 (Fed. Cir. 2007). Where, as here, the inquiry concerning our jurisdiction is related to the issue on appeal, concerning the

jurisdiction of the district court, we determine that the better course is to require that the issues be raised in the briefs.

Accordingly,

IT IS ORDERED THAT:

(1)    The motion is denied without prejudice to the parties addressing the jurisdictional issues in their briefs.

(2)    The appellant's opening brief is due within 30 days of the date of filing of this order.

FOR THE COURT

MAR 0 9 2010
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:    Andrew J. Kochanowski, Esq.
       Megan K. Cavanagh, Esq.

s20

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAR 0 9 2010

JAN HORBALY
CLERK